[No. 18628. Department One. September 18, 1924.]

F. D. CABLE *et al.*, *Respondents*, v. LENOX WARD *et al.*, *Appellants*.[1]

INJUNCTION (47, 48)—PARTIES—PROTECTION OF PROPERTY RIGHTS—CLOUD ON TITLE. Equity will, by injunction, restrain a cloud upon a title by a threatened return to the grantors of deeds constituting the grantee's muniments of title; and a complaint to enjoin such return and recover possession of such muniments will not be considered as an action of replevin for mere chattels.

Appeal from a judgment of the superior court for Yakima county, Gilbert, J., entered March 10, 1923, upon findings in favor of the plaintiffs, in an action for specific performance, tried to the court. Affirmed.

*Holden, Shumate & Cheney,* for appellants.
*Stephen E. Chaffee,* for respondents.

HOLCOMB, J.—This is a somewhat novel case. Appellants contend that it is an action in equity for specific performance as to two of appellants, and an action of replevin of documents as to appellant Ward. Respondents contend that it is an action in equity to prevent an attempted rescission by appellants of an executed contract of sale of real estate.

[1] Reported in 228 Pac. 697.

The questions to be determined are whether the amended complaint, upon which the cause was tried, states a cause of action against either appellant Ward or appellants Sowle, and whether the findings support the decree entered by the court.

The appellants, the Sowles, and respondents were owners, respectively, of tracts of farm land in Yakima county. They went to the office of appellant Ward, an attorney in Yakima, pursuant to an oral agreement entered into by them to exchange farms, for the purpose of having appropriate instruments drawn. Both tracts were subject to incumbrances, and it was agreed that Ward should examine the title of the tract owned by respondents, and respondents should have some other attorney examine the title to the tract owned by Sowles. Ward drew the proper conveyances and other instruments, which were left in his possession. Ward, in passing upon the title furnished by respondents, found some corrective affidavits necessary, of which he notified respondents, and which respondents immediately, in good faith, proceeded to obtain. They did, in fact, obtain them and mailed them to Ward. Before these matters were entirely perfected, the Sowles gave notice that they did not desire to proceed with the exchange of properties, whereupon action was brought, first against Ward, to restrain the return to the Sowles of the conveyance by them to respondents. The complaint was afterwards amended upon an application and order to bring in the Sowles, and the amended complaint was answered by appellant Ward and by the appellants Sowles separately.

As it stood up to the time of going to trial, the amended complaint of respondents, after stating the facts as to the ownership of the properties and the agreement to exchange, the incumbrances, and the

terms of exchange, alleged that they carried out their part of the agreement, executed proper conveyances which were delivered to the Sowles and accepted by them, and that they were in possession of the premises so conveyed, and have been in possession of the premises ever since. They also allege that the Sowles executed their deed which was delivered to appellant Ward, and by Ward to respondents, and returned by respondents to Ward for the purpose of recording, and that they went into possession of the premises conveyed by the Sowles to them, and have been in possession of such premises ever since, made improvements and planted crops thereon. They further allege that Ward neglected to place the deed of record, and threatened to deliver the deed to the Sowles, and that if he should do so the title of respondents would be clouded. They further allege that they have no remedy at law, and prayed for an injunction restraining Ward from delivering the deed to the Sowles, and requiring him to forthwith deliver the deed to respondents or record the same in the office of the county auditor. They further prayed for judgment against the Sowles for the amount of incumbrance against the land traded by the Sowles to them in case the Sowles failed to satisfy the same, and for general equitable relief.

Ward separately answered by general denial, and the Sowles answered by general denial, and filed a cross-complaint in which they asked for the value of the use of the premises they were to exchange with respondents, and that a writ of restitution issue to put them in possession thereof. Respondents replied in conformity with their amended complaint.

At the opening of the trial, the appellants challenged the sufficiency of the complaint and objected to any testimony being taken as against Sowles and wife,

and moved that they be dismissed out of the action. The court indicating that the motion was well taken, respondents' counsel asked leave to amend his complaint, which leave was granted, and the following amendment was made:

"That the defendants Cassie A. Sowle and her husband demanded of said J. Lenox Ward that said deed be returned, and said Ward threatened to return the same to said defendants on the 7th day of July, at 5 o'clock P. M."

The objection was renewed after this amendment was made, and after argument, counsel for respondents again asked leave to amend, and made the following amendment over the objection of appellants:

"That the defendants Cassie A. Sowle and E. C. Sowle are preventing said defendant J. Lenox Ward from delivering said deed to plaintiffs and by their acts and conduct are attempting to get possession of plaintiffs' said deed."

Appellants further moved to make this amendment more definite and certain by requiring respondents to state in what manner appellants were preventing Ward from delivering the deed to respondents. This motion was denied, whereupon a motion to dismiss was made on behalf of the Sowles, which was denied.

Whatever the nature of this action, the allegations of the complaint are amply substantiated by the evidence in the case. It is evident that it is an equity action to prevent a cloud upon the title of respondents.

While appellant Ward was not a party to the contract of exchange, nevertheless he is a necessary party for the reason that he has possession of the muniments of title upon which respondents must rely to protect their title.

There can be no question that, under the evidence in the record, the trial court correctly found that the contract of exchange had been substantially consummated, and that respondents were entitled to rely upon the title conveyed by appellants, the Sowles. Nor can this be considered to be an action in replevin as against Ward, for the documents in his hands were more than mere chattels, being, as stated, the muniments of title to which respondents are entitled.

It seems to be established that equity has a right to restrain the sort of acts complained of by respondents. Professor Pomeroy says in his work on Equity Jurisprudence (4th ed.), § 2148, p. 4830:

"As a court of chancery may undoubtedly entertain a suit to remove an existing cloud upon title, so also it may, in a proper case, interpose its authority to prevent, by injunction, a threatened suit from which such a cloud must necessarily arise."

And also, in § 1345, *supra*:

"An injunction will always be granted, if necessary, to protect, aid, or enforce any equitable estate, interest, or primary right, or to secure and render efficient any purely equitable remedy. . . . To prevent a *cloud upon title*. The use of injunction to prevent acts which would create a cloud upon title, is governed by the same rules which control the remedy of removing a cloud from title."

We are of the opinion, therefore, that the complaint as amended, stated a cause of action for equitable relief, and that the findings supported the decree.

Affirmed.

Main, C. J., Tolman, Parker, and Mackintosh, JJ., concur.